# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **MARY D. ROSE**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09CV00030 |
| | ) | |
| v. | ) | |
| | ) | **OPINION** |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMISSIONER OF** | ) | By: James P. Jones |
| **SOCIAL SECURITY**, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

*Roger W. Rutherford, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III, Eda Giusti, Assistant Regional Counsel, and Andrew C. Lynch, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I vacate the final decision of the Commissioner and remand for further proceedings.

I

The plaintiff, Mary D. Rose, filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner"), denying her claims for supplemental security income pursuant to title XVI of the Social Security Act ("Act"), 42 U.S.C.A. §§ 401-33, 1381-1383d (West

2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g) and § 1383(c)(3).

Rose protectively filed for benefits in December 2006, alleging disability beginning August 1, 2005, due to fibromyalgia, anxiety, panic attacks, back pain, and arthritis. Her claim was denied initially and upon reconsideration. Rose had a hearing before an administrative law judge ("ALJ"), at which she was present and represented by counsel. In addition to Rose, a vocational expert ("VE"), testified at the hearing. The ALJ denied Rose's claim and the Social Security Administration's Appeals Council denied Rose's request for a review of the ALJ's opinion. Rose filed her Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment, and have briefed the issues. The case is ripe for decision

II

Rose was 42 years old at the time of the ALJ's decision, which classifies her as a "younger person" under 20 C.F.R. § 416.963(c) (2009). Rose has an eighth-grade education and, despite several attempts, has never obtained a general equivalency diploma. Her past work experience includes

a short stint at a Subway restaurant making sandwiches and work as a hotel maid. Rose has not engaged in substantial gainful employment since she filed for disability.

In a February 2007 psychological evaluation, Rose indicated that she had been incarcerated from 2005 to 2007 for selling marijuana and violating probation. She reported that she was currently living with relatives and stated that she was able to assist with household chores and grocery shopping. Moreover, she stated that she was able to put on cosmetics to make herself feel better. She claimed that, on bad days, she would just rest. Rose was assessed with a current Global Assessment of Functioning ("GAF") of 58.[1]

Throughout the record, Rose complained of depression and anxiety, on occasion reporting that she was suicidal, stemming from home and work stressors and family tragedies. Rose has been diagnosed with anxiety disorder, depression, dysthymic disorder (a depression disorder less severe than major depression), personality disorder with antisocial features, and it

---

[1] The GAF scale ranges from zero to 100 and "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." *Diagnostic and Statistical Manual of Mental Disorders Fourth Edition*, ("DSM-IV") 32 (Am. Psychiatric Assoc. 1994).

A GAF of 51-60 indicates "[m]oderate symptoms ... OR moderate difficulty in social, occupational, or school functioning ...." DSM-IV at 32.

has been noted that she abuses alcohol. However, Rose often presented as a pleasant individual, who could relate well to others, had rational thought processes, was oriented and could maintain friendships. Further, Rose reported that medication was controlling her anxiety related symptoms.

Physically, Rose consistently complained of back and joint pain, as well as symptoms resulting from fibromyalgia. X rays showed minor degenerative changes, but no abnormalities attributable to an acute trauma. A February 2007 examination revealed that Rose had a normal range of motion, except in the lumbar spine, which had minor limitations. However, she ambulated with a normal gait. Furthermore, during examinations throughout the record, it was noted that the lumbar portion of Rose's back and her wrists were tender. Rose was found by medical professionals to suffer from a history of back pain, fibromyalgia, arthralgias, osteoarthritis, and disc degeneration.

Reviewing Rose's medical history, the ALJ found that she had the following severe impairments: depression, anxiety, disorders of the lumbar spine and shoulders, and arthritis. However, the ALJ found that the severe impairments did not meet or medically equal on of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2009). The ALJ determined that Rose had the residual functional capacity ("RFC") to perform light work,

which is limited to simple, unskilled jobs not involving the public. Further, the ALJ found that Rose could not work in temperature extremes or around dust or fumes. The VE, Robert Spangler, testified that an individual with such limitations would be able to perform jobs existing in significant numbers in the national and regional economies, including working as a food prep worker, dining room helper, assembler, hand packer, messenger, and production machine tender. Accordingly, the ALJ found that, even though she could not perform her past relevant work, Rose was not disabled. Rose argues that the ALJ's decision is not supported by substantial evidence.

### III

The plaintiff bears the burden of proving that she is suffering from a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 426.920(a)(4) (2009). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *Id.*; *Bennett v. Sullivan*, 917 F.2d 157, 159 (4th Cir. 1990). The fourth and fifth steps of the inquiry require an assessment of the claimant's RFC, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *See Reichenbach v. Heckler*, 808 F.2d 309, 311 (4th Cir. 1985).

In accordance with the Act, I must uphold the ALJ's findings if substantial evidence supports them and they were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks

and citation omitted). This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). It is not the role of this court to substitute its judgment for that of the Commissioner. *See Id*.

Rose argues that the ALJ failed to properly consider her bilateral upper extremity impairments, as well as her testimony of pain and decreased functioning relating thereto. Rose argues that had her upper extremity impairments been properly considered a finding of disability could have been made. The VE testified that if Rose was unable to repetitively use her hands, employment would be precluded. Although Rose testified that she suffered from severe upper extremity impairments, the evidence does not support her allegations.

The determination of whether a claimant is disabled by pain or other subjective symptoms is a two-step process under the Act. *See Craig*, 76 F.3d at 594-95; 20 C.F.R. §§404.1529(b), (c), 416.929(b), (c) (2009). First, there must be objective medical evidence showing the existence of an impairment that could reasonably be expected to produce the actual pain, in the amount and degree alleged by the claimant. *See Craig*, 76 F.3d at 594-96. Only after

the existence of such an impairment is established must the ALJ consider the intensity and persistence of the claimant's pain and the extent to which it affects the ability to work. *See Craig*, 76 F.3d at 594-95.

Much of the objective evidence regarding Rose's troubles with her upper extremities is outside of the relevant time period, i.e., prior to the date Rose claims to have become disabled. During the relevant time period, Rose sporadically complained of wrist pain, but the objective evidence is limited to notes stating that her wrists were tender. This evidence does not support the contention that her upper extremity impairments were severe or disabling. The court notes that there is objective evidence outside of the relevant time period showing minor conditions; however, the court's inquiry is limited to the evidence from the pertinent time period.

Rose next argues that the ALJ erred by ignoring limitations in the record and not explaining why they were being rejected. I agree. In determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his findings and his rationale in crediting evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

There are several instances in which Rose claims the ALJ ignored appropriate limitations. A psychologist, Steven Lawhon, opined that Rose was moderately limited in her abilities to sustain concentration and persistence, and she was mildly to moderately limited in her ability to adapt.

A non-examining, state agency psychologist, Thomas D. Neilson, found that Rose was mildly limited in activities of daily living and moderately limited in maintaining social functioning, concentration, persistence, or pace, and in her abilities to complete a normal workweek, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, respond appropriately to changes in the work setting, and set realistic goals or make plans independently of others.

A subsequent non-examining state agency psychologist, P. Jeffrey Wright, found that Rose was mildly limited in her activities of daily living and maintaining social functioning, and moderately limited in maintaining concentration, persistence, or pace, and in her abilities to complete a normal workweek, respond appropriately to changes in the work setting, and set realistic goals or make plans independently of others.

Rose also claims that the ALJ unaccountably ignored physical limitations. Pursuant to a consultative examination, Dr. Samuel Breeding

found that Rose could stand "for at least four hours in an eight-hour day." (R. at 232.) Further, a non-examining state agency physician, Dr. Lloyd A. Walwyn, indicated that Rose could only occasionally climb ladders, ropes, or scaffolds.

The ALJ discussed and noted the findings in question from Drs. Breeding and Lawhon, indicating that he would give them substantial weight. Further, the ALJ found that those opinions were "thorough and consistent with the evidence of record." (R. at 21.) However, the ALJ did not explain the reason he strayed from their findings, and he did not place those findings in a hypothetical before the VE. On the other hand, the findings of Drs. Nielson, Wright, and Walwyn were not mentioned, although the ALJ noted that state agency doctors concluded Rose could perform a range of light work.

Pursuant to the standard discussed above, the ALJ did not meet the burden of sufficiently explaining his rationale. The ALJ's opinion contains conclusory statements without explanation. Without discussion of certain evidence, and without an explanation of the rejection of others, the court cannot say that the ALJ's decision was supported by substantial evidence. Accordingly, this case will be remanded for further proceedings.

I need not weigh Rose's final argument that the Commissioner did not properly establish that there is work that she can perform.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the Commissioner's Motion for Summary Judgment will be denied. The decision of the Commissioner denying benefits will be vacated and the case will be remanded to the Commissioner for further proceedings consistent with this Opinion.

    ENTER: April 15, 2010

    /s/ James P. Jones
    Chief United States District Judge